# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON A. REDON,<br><br>                            Plaintiff,<br>vs.<br>SAN DIEGO COUNTY, CITY OF SAN DIEGO, ANDRES RUIZ, BRANDON JORDAN, DEREK MILLER, SGT BULKOWSKI, SGT D GRUBBS, OFFICER GIBSON, OFFICER POTTIN, OFFICER NATAL, OFFICER JOHN DOES 1-X, WILLIAM LANSDOWNE, JAN GOLDSMITH, MICHAEL LEE FICKEN, MIRIAM MILSTEIN, DIANA DOHERTY, JOHN DOES 2-X,<br><br>                           Defendants. | CASE NO. 13cv1765 WQH (KSC)<br><br>ORDER |

HAYES, Judge:

    The matters before the Court are (1) the motion opposing notice of removal of civil action filed by Plaintiff Jason Redon (ECF No. 4) and (2) the motion to dismiss and motion for a more definite statement filed by Defendant Jan Goldsmith (ECF No. 2).

## BACKGROUND

    Plaintiff Redon ("Plaintiff") commenced this action in the San Diego Superior Court alleging state and federal constitutional violations. (ECF No. 1-2 at 1). On August 27, 2012, Plaintiff filed an amended complaint to recover money damages and

injunctive relief ("first amended complaint") in the San Diego Superior Court. (ECF No. 1-2 at 2). On January 8, 2013, Plaintiff served the amended complaint and summons on Defendant San Diego Police Department. (ECF No. 1-2 at 12).

On July 5, 2013, Plaintiff served an amended complaint for violation of civil rights and other wrongs ("second amended complaint") on Defendant City Attorney of San Diego. (ECF No. 1-3).[1]

Plaintiff's second amended complaint alleges that "[o]n May 3rd, 2011 and August 19, 2011, the plaintiff was subjected to unnecessary and excessive force by various defendant police officers, including unwarranted, indiscriminate and excessive application of pain compliance holds, carotid restraints and Tasers." *Id.* at 1. The second amended complaint alleges that "Plaintiff was injured from improper use of force, including but not limited to the use of taser causing chest pain, carotid restraint causing neck plain and pain compliance techniques resulting in permanent ligament damage to finger." *Id.* The second amended complaint alleges that Defendants "acted pursuant to an official unconstitutional policy of the County of San Diego." *Id.* at 2. The second amended complaint sets forth the following causes of action against all Defendants: (1) violation of First and Fourteenth Amendments to the United States Constitution under 42 U.S.C. § 1983; (2) violation of Fourth and Fourteenth Amendments to the United States Constitution under 42 U.S.C. § 1983; (3(a))[2] violation of Fourteenth Amendment to the United States Constitution under 42 U.S.C. § 1983; (3(b)) violation of Eighth Amendment to the United States Constitution under 42 U.S.C. § 1983; (4) denial of California constitutional rights; (5) assault and battery; (6) false arrest and false imprisonment; (7) Cal. Civil Code Section 51.7; (8) Cal. Civil Code Section 52.1; (9) Cal. Civil Code Section 49; (10) Cal. Civil Code 50; (11) intentional

---

[1] The second amended complaint appears to have been filed in state court on June 27, 2013.

[2] The second amended complaint lists two causes of action labeled "three." The Court has listed the two separate causes of action as 3(a) and 3(b) to avoid confusion.

1  infliction of emotional distress; (12) negligence; (13) defamation/slander; (14) abuse
2  of process; and (15) conspiracy. *Id.* at 5–8.

3        On July 29, 2013, Defendant Jan Goldsmith, City Attorney of San Diego,
4  ("Defendant Goldsmith") filed notice of removal of civil action in this Court. (ECF No.
5  1). On August 8, 2013, Defendant Goldsmith filed motion to dismiss and motion for
6  more definite statement. (ECF No. 2). On August 14, 2013, Plaintiff filed motion
7  opposing notice of removal of civil action. (ECF No. 4). On August 28, 2013, Plaintiff
8  filed response opposing motion to dismiss. (ECF No. 6).

9  <u>Plaintiff's Motion Opposing Notice of Removal</u>

10       Plaintiff contends that removal of the action is time-barred. Plaintiff asserts that
11 the notice of removal filed on July 29, 2013 is untimely, on the grounds that the 30-day
12 window from the filing of the first amended complaint passed over ten months before
13 the notice of removal was filed. Plaintiff further asserts that his claims under the Unruh
14 Civil Rights Act are non-removable.

15       Defendant Goldsmith contends that removal of the case was proper under 28
16 U.S.C. § 1441(a). Defendant Goldsmith asserts that he was served with the second
17 amended complaint on July 9, 2013. Defendant Goldsmith contends that the notice of
18 removal was filed within thirty days of receipt of the second amended complaint and
19 is timely.

20       A defendant seeking to remove a case from state court to federal court must file
21 a notice of removal within thirty days of receiving "a copy of the initial pleading . . . or
22 within 30 days after the service of summons upon the defendant if such initial pleading
23 has then been filed in court and is not required to be served on the defendant, whichever
24 period is shorter." 28 U.S.C. § 1446(b)(1). The removal statute also provides: "If
25 defendants are served at different times, and a later-served defendant files a notice of
26 removal, any earlier-served defendant may consent to the removal even though that
27
28

earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(c). The Court of Appeals for the Ninth Circuit has adopted the "later-served defendant rule," which provides that "each defendant is entitled to thirty days to exercise his removal rights after being served." *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011).

In this case, Defendant Goldsmith became a defendant in the case when Plaintiff served a copy of the second amended complaint on the City Attorney of San Diego on July 5, 2013. *See* ECF No. 1-3 at 10. Under the "later-served defendant rule," Defendant Goldsmith was afforded thirty days from July 5, 2013 to file a notice of removal, which renders the notice of removal Defendant Goldsmith filed on July 29, 2013 timely.

Supplemental jurisdiction is proper over Unruh Civil Rights Act claims when these claims are filed in conjunction with federal causes of action. *See Bass v. County of Butte*, 458 F.3d 978, 979 (9th Cir. 2006) (implicitly approving district's court's exercise of supplemental jurisdiction over plaintiff's Unruh Civil Rights Act claim); *Goldman v. Standard Ins. Co.*, 341 F.3d 1023, 1025 (9th Cir. 2003) (same); *Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 673 (9th Cir. 1984) (same); *Id.* (Pregerson, J., dissenting) ("The action was originally filed in the California state courts but was removed to the federal district court under federal question jurisdiction. . . . We have pendent jurisdiction over the Unruh Act claim."). The Court finds that Plaintiff's claims were properly removed. Plaintiff's motion opposing notice of removal is denied.

Motion to Dismiss

Defendant Goldsmith contends that Plaintiff's complaint fails to state a ground upon which relief may be granted because the allegations are too vague and conclusory. Defendant Goldsmith asserts that Plaintiff has not identified the role of each Defendant

in the alleged violation of Plaintiff's rights and that Plaintiff has not pled facts adequate to establish the required elements of any of the causes of action.

Plaintiff contends that the second amended complaint states a sufficient factual basis to establish plausibility for each cause of action.

Under Federal Rule of Civil Procedure 12(b)(6), a pleading may be dismissed if it fails "to state a claim upon which relief can be granted." A district court may dismiss a claim if the complaint (1) fails to state a "cognizable legal theory" or (2) lacks "sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a plaintiff's complaint must have sufficient facts to state a facially plausible claim to relief." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "When reviewing a dismissal for failure to state a claim pursuant to Rule 12(b)(6) all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *AlliedSignal, Inc. v. City of Phoenix*, 182 F.3d 692, 695 (9th Cir. 1999). "The standard used to evaluate a motion to dismiss is a liberal one, particularly when the action has been filed pro se." *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). "However, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.* (finding complaint was properly dismissed where plaintiff's allegations "were not supported by reference to any specific actions, practices or policies" of the defendants).

In this case, Plaintiff has alleged sixteen causes of action against all named

Defendants.  In order for Plaintiff to establish a Section 1983 violation, Plaintiff must show that a defendant acted under color of law and that a defendant's conduct deprived Plaintiff of particular rights under the United States Constitution.  *Williams v. Gorton*, 529 F.2d 668, 670–71 (9th Cir. 1976).  However, the complaint alleges that Defendants acted pursuant to "an official unconstitutional policy of the County of San Diego," rather than referencing any specific practice or policy.  (ECF No. 1-3 at 2).  The complaint does not identify conduct by any specific Defendant which deprived Plaintiff of any particular rights under the United States Constitution.  Plaintiff's "[v]ague and conclusory allegations of official participation in civil rights violations are insufficient to withstand a motion to dismiss."  *Ivey*, 673 F.2d at 268.  Plaintiff's allegations are "not supported by reference to any specific . . . practices or policies."  *Id.*  The Court finds that Plaintiff has not pled facts adequate to establish the required elements of Plaintiff's claims.  Plaintiff's claims are dismissed for failure to state a claim upon which relief can be granted.

Defendant Goldsmith contends that Plaintiff's state law claims seeking monetary relief are time-barred on the grounds that Plaintiff failed to follow the claims presentation requirement under the California Tort Claims Act ("the Act").  The complaint does not allege that Plaintiff has filed a claim with the City of San Diego in compliance with the claims presentation requirement of the Act.  Plaintiff has requested an opportunity to amend his complaint.  The Court grants Plaintiff an opportunity to amend his complaint.

**CONCLUSION**

IT IS HEREBY ORDERED that the motion opposing notice of removal of civil action filed by Plaintiff (ECF No. 4) is DENIED.  Defendant's motion to dismiss (ECF No. 2) is GRANTED.  Plaintiff's claims are DISMISSED WITH LEAVE TO AMEND within 45 days.  If no amended complaint is filed, the Clerk of the Court shall close this case.

DATED:  November 8, 2013

**WILLIAM Q. HAYES**
United States District Judge