1
2
3
4
5
6
7        **UNITED STATES DISTRICT COURT**
8        **SOUTHERN DISTRICT OF CALIFORNIA**
9

10  | JASON A. REDON, | CASE NO. 13cv1765 WQH (KSC) |

Plaintiff,

11          vs.                                          ORDER

12  SAN DIEGO COUNTY, CITY OF
13  SAN DIEGO, ANDRES RUIZ,
    BRANDON JORDAN, DEREK
14  MILLER, SGT BULKOWSKI, SGT D
    GRUBBS, OFFICER GIBSON,
15  OFFICER POTTIN, OFFICER
    NATAL, OFFICER JOHN DOES 1-X,
16  WILLIAM LANSDOWNE, JAN
    GOLDSMITH, MICHAEL LEE
17  FICKEN, MIRIAM MILSTEIN,
    DIANA DOHERTY, JOHN DOES 2-
18  X, SGT SHAW, UNNAMED SAN
    DIEGO POLICE OFFICER,
19
                                    Defendants.
20  HAYES, Judge:

21        The matter before the Court is the Motion to Dismiss filed by Defendants City

22  of San Diego, City Attorney Jan Goldsmith, Andres Ruiz, Brandon Jordan, Derek

23  Miller, and Miriam Milstein. (ECF No. 11).

24                              **BACKGROUND**

25        Plaintiff Jason A. Redon ("Plaintiff") commenced this action by filing a

26  complaint in the San Diego Superior Court alleging state and federal constitutional

27  violations.  (ECF No. 1-2 at 1).  On August 27, 2012, Plaintiff filed an amended

28  complaint to recover money damages and injunctive relief ("first amended complaint")

in the San Diego Superior Court. (ECF No. 1-2 at 2).  On January 8, 2013, Plaintiff served the first amended complaint and summons on Defendant San Diego Police Department. (ECF No. 1-2 at 12).

On July 5, 2013, Plaintiff served the second amended complaint[1] for violation of civil rights and other wrongs on Defendant City Attorney of San Diego.  (ECF No. 1-3).

Plaintiff's second amended complaint alleged that "[o]n May 3rd, 2011 and August 19, 2011, the plaintiff was subjected to unnecessary and excessive force by various defendant police officers, including unwarranted, indiscriminate and excessive application of pain compliance holds, carotid restraints and Tasers." *Id*. at 1.  The second amended complaint alleged that "[P]laintiff was injured from improper use of force, including but not limited to the use of Taser causing chest pain, carotid restraint causing neck pain and pain compliance techniques resulting in permanent ligament damage to finger." *Id.*  The second amended complaint alleged that Defendant "acted pursuant to an official unconstitutional policy of the County of San Diego."  *Id*. at 2. The second amended complaint set forth the following causes of action against all Defendants: (1) violation of First and Fourteenth Amendments to the United States Constitution under 42 U.S.C. § 1983; (2) violation of Fourth and Fourteenth Amendments to the United States Constitution under 42 U.S.C. § 1983; (3) violations of the Eighth Amendment and Fourteenth Amendment to the United States Constitution under 42 U.S.C. § 1983; (4) denial of California constitutional rights; (5) assault and battery; (6) false arrest and false imprisonment; (7) Cal. Civil Code Section 51.7; (8) Cal. Civil Code Section 52.1; (9) Cal. Civil Code Section 49; (10) Cal. Civil Code 50; (11) intentional infliction of emotional distress; (12) negligence; (13) defamation/slander; (14) abuse of process; and (15) conspiracy.  *Id*. at 5-8.

On July 29, 2013, Defendants filed a notice of removal of civil action in this Court. (ECF No. 1). On August 8, 2013, Defendant Jan Goldsmith filed a motion to

---

[1] The second amended complaint appears to have been filed in state court on June 27, 2013.

dismiss and motion for more definite statement. (ECF No. 2). On August 14, 2013, Plaintiff filed a motion opposing notice of removal of civil action. (ECF No. 4). On August 28, 2013, Plaintiff filed a response opposing the motion to dismiss. (ECF No. 6). On November 8, 2013, this Court denied Plaintiff's motion opposing notice of removal of civil action, granted Defendant's motion to dismiss, and granted Plaintiff leave to amend.  (ECF No. 7). The Court concluded that the second amended complaint failed to reference any specific policy or practice, failed to identify any conduct by a specific defendant, and failed to allege any facts showing compliance with the presentation requirement of the California Tort Claims Act.  *Id*. at 6.

On December 23, 2013, Plaintiff filed an amended complaint ("third amended complaint") which is the operative pleading. (ECF No. 8). In the first six causes of actions of the third amended complaint, Plaintiff alleges the following civil rights violations pursuant to 42 U.S.C. § 1983: (1) violations of First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution (styled as "general allegations"); (2) failure to implement appropriate policies, customs, and practices; (3) use of excessive force; (4) false arrest; (5) deprivation of property without due process of law; and (6) administration of cruel and unusual punishment.  Plaintiff alleges in claim (7) violations of the Americans with Disabilities Act of 1990 pursuant to 42 U.S.C. § 12181.[2] The remaining allegations are state law claims including: (8) false imprisonment; (9) negligence; (10) negligent supervision; (11) conspiracy; (12) conversion; (13) assault; (14) abuse of process; (15) slander; (16) violation of California Civil Code § 51.7; and (17) violation California Civil Code § 52.1. *Id*. at 9-19.

On January 13, 2014, Defendants City of San Diego, City Attorney Jan Goldsmith, Andres Ruiz, Brandon Jordan, Derek Miller, and Miriam Milstein filed a motion to dismiss for failure to state a claim. (ECF No. 11)  On February 11, 2014,

---

[2] Defendants have not addressed the claim for violations of the Americans with Disabilities Act in their motion to dismiss. The Court does not rule on the sufficiency of this claim.

Plaintiff filed a response in opposition to the motion to dismiss.[3]  (ECF No. 14).  On February 18, 2014, Defendant filed a reply.  (ECF No. 16).

### CONTENTIONS OF THE PARTIES

Defendants contend that the third amended complaint fails to cure the defects giving rise to the dismissal of the second amended complaint.  Defendants assert that the third amended complaint does not allege compliance with the claims presentation requirement of the California Tort Claims Act.  Defendants contend that Plaintiff has not alleged sufficient facts to infer the existence of the alleged policies or customs to support a claim for municipal liability against the City.  Defendants further contend that all claims against Defendants City Attorney Jan Goldsmith and Miriam Milstein should be dismissed on the ground that they were officials performing prosecutorial functions.

Plaintiff contends that he submitted a letter on December 23, 2013 to the City of San Diego in accordance with the California Tort Claims Act and that there was no requirement to file a right to sue letter with any government agency under California Civil Code §51.7.  Plaintiff contends that he has met the threshold of plausibility by alleging sufficient facts pertaining to the Officer's actions including use of excessive force.[4]  Plaintiff asserts that his claims pertaining to a specific policy or procedure adopted by the City will be further refined and narrowed through discovery.  Plaintiff further contends that City Attorney Miriam Milstein should not be granted prosecutorial immunity because Milstein was not a Deputy City Attorney over the course of Plaintiff's criminal proceeding.  Plaintiff contends that the role of City Attorney Jan Goldsmith is purely supervisory in nature and should be granted no immunity from liability for damages.  (ECF No. 14).

---

[3] Plaintiff filed his response in opposition to the City Defendants' Motion to Dismiss as a "Motion Opposing Demurrer and Motion for Dismissal." (ECF No. 14). The Court considers Plaintiff's filing to be an opposition brief.

[4] Defendants' motion does not address the factual sufficiency of the claims against Officers Jordan, Ruiz, and Natal for (1) general allegations, (3) use of excessive force, (4) false arrest, (5) deprivation of property rights without due process of law, and (6) administration of cruel and unusual punishment in their motion to dismiss.  The Court makes no ruling on the federal claims against these Defendants.

**APPLICABLE STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a pleading may be dismissed if it fails "to state a claim upon which relief can be granted." A district court may dismiss a claim if the complaint (1) fails to state a "cognizable legal theory" or (2) lacks "sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "When reviewing a dismissal for failure to state a claim pursuant to Rule 12(b)(6) all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *AlliedSignal, Inc. v. City of Phoenix*, 182 F.3d 692, 695 (9th Cir. 1999).

"The standard used to evaluate a motion to dismiss is a liberal one, particularly when the action has been filed pro se." *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). "However, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.* (finding complaint was properly dismissed where plaintiff's allegations "were not supported by reference to any specific actions, practices or policies" of the defendants).

**1.    State Law Claims–Counts (8)-(17)**

Under the California Tort Claims Act, Cal. Gov't Code §§ 900 et seq., a plaintiff may not file suit against a public entity until a written claim has first been presented to, and rejected by, that entity. *Mangold v. California Public Util. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). The written claim must be filed or presented to the public entity no later than six months after the cause of action accrues. Cal. Gov't Code § 911.2. If the government claim is not presented within the six-month time frame, an application for leave to present a late claim may be submitted to the applicable entity within one

year after the accrual of the cause of action. Cal. Gov't Code § 911.4. "Where compliance with the Torts Claims Act is required, the plaintiff must allege compliance or circumstances excusing compliance, or the complaint is subject to general demurrer." *Mangold*, 67 F.3d at 1477 (9th Cir. 1995) (quoting *Snipes v. City of Bakersfield*, 145 Cal.App.3d 861, 865 (1983)).

The third amended complaint fails to allege any facts showing compliance with the California Torts Claims Act.[5] In his opposition, Plaintiff states that he submitted a letter to the City of San Diego in accordance with the California Tort Claims Act on December 23, 2013. However, even if alleged in the complaint, a letter sent on December 23, 2013 would not show compliance with the California Tort Claims Act. The third amended complaint alleges that Plaintiff was subjected to unnecessary and excessive force on May 3, 2011 and again on August 19, 2011, well over two years prior to Plaintiff sending a letter to the City. *See* Cal. Gov't Code § 911.2 (written claim must be submitted within six months of the alleged injury).

Plaintiff also asserts that his sixteenth claim for violation of Cal. Civ. Code § 51.7 does not require compliance with the Torts Claims Act. Plaintiff is incorrect. *See Castenada v. City of Napa, Cal.*, No. C-95-4094 MHP,1996 WL 241818, at *6 (N.D. Cal. May 3, 1996) (claims under § 51.7 must be exhausted pursuant to California Government Code § 945.4). The Court finds that the state law claims, counts (8)-(17), are time-barred.

**2.      Policy and Custom Claim–Count (2)**

In order to state a claim under 42 U.S.C. Section 1983, Plaintiff must show: that (1) the conduct deprived the claimant of a constitutional right; and (2) the conduct complained of was committed by a person acting under color of law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). "Under *Monell v. City Dep't of Social Servs.*, 436 U.S. 658, 690 (1978), a municipality is not liable for damages under section 1983 unless action

---

[5] Although it is not the Defendants' burden of proof at this stage of litigation, the Defendants present a declaration stating they have no record of Plaintiff presenting a claim for damages relating to this matter.

pursuant to official municipal policy of some nature caused a constitutional tort." *Kirkpatrick v. City of Los Angeles*, 803 F.2d 485, 491 (9th Cir. 1986) (internal quotations omitted).  Liability based on custom will be imposed upon a municipality after the plaintiff establishes one of the following three situations: (1) "showing a longstanding practice or custom which constitutes the standard operating procedure of the local government entity"; (2) "showing that the decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of the decision"; or (3) "showing that an official with final policy making authority either delegated that authority to, or ratified the decision of, a subordinate." *Ulrich v. City and County of San Francisco*, 308 F.3d 968, 984-85 (9th Cir. 2002) (internal quotations and citations omitted).

When faced with a motion to dismiss, vague and conclusory allegations concerning official government involvement in civil rights violations cannot overcome a motion to dismiss. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). The Court is also not obliged to accept as true allegations that are "merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

In this case, Plaintiff has failed to allege facts that show Defendants City of San Diego and San Diego Police Department maintain specific policy causing him constitutional injury.  The allegations in the third amended complaint include: "unlawful policies"; "customs and habits of improper and inadequate hiring, training, retention, discipline, and supervision"; and "policy or custom that condones unjustified use of force."  Plaintiff does not allege any facts to support his claim that unlawful policies and customs led to his alleged injuries.  The Court concludes that Plaintiff has failed to state facts sufficient to support a claim for municipal liability.

**3.    Prosecutorial Immunity**

Officials performing prosecutorial functions are entitled to absolute immunity

from damages liability because their function is integral to the judicial process. *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976). Prosecutors are absolutely immune from suit for actions taken in their capacity as prosecutors. *Waggy v. Spokane Cnty. Wash.*, 594 F.3d 707, 710 (9th Cir. 2010). "A state prosecuting attorney enjoys absolute immunity from liability under § 1983 for his conduct in pursuing a criminal prosecution insofar as his actions within his role as an advocate for the State and his actions are intimately associated with the judicial phase of the criminal process." *Cousins v. Lockyer*, 568 F.3d 1063, 1068 (9th Cir. 2009).

All allegations against Defendant City Attorney Jan Goldsmith and Miriam Milstein relate to their prosecutorial function or are too vague and conclusory to state a plausible claim and are dismissed. *See also* Cal. Gov't Code § 821.6 (A public employee is not liable for injury caused by instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause).

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's motion to dismiss (ECF No. 11) is GRANTED in part and denied in part as follows: the State Law claims (8)-(17) are dismissed; the policy and custom claim (2) is dismissed; and all claims against Defendants City of San Diego, City Attorney Jan Goldsmith, and Miriam Milstein are dismissed.

IT IS FURTHER ORDERED that "Motion Opposing Demurrer and Motion for Dismissal." (ECF No. 14) is moot.

DATED: July 28, 2014

**WILLIAM Q. HAYES**
United States District Judge

13cv1765 WQH