FILED

DEC - 4 2015

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ accc DEPUTY

1
2
3
4
5
6
7

8    **UNITED STATES DISTRICT COURT**

9    **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10  JASON A. REDON, | CASE NO. 13cv1765-WQH(KSC) |
| 11                          Plaintiff, | **ORDER GRANTING DEFENDANTS' EX PARTE APPLICATION FOR AN ORDER COMPELLING A RULE 35 MENTAL EXAMINATION OF PLAINTIFF** |
| 12  vs. | |
| 13 | |
| 14  ANDRES RUIZ, et al., | |
| 15                          Defendants. | [Doc. No. 42.] |

16

17    Before the Court is defendants' Ex Parte Application for an Order Compelling

18  a Rule 35 Mental Examination of Plaintiff [Doc. No. 42] and plaintiff's Response

19  thereto [Doc. No. 45]. Defendants also requested a Rule 35 examination in a prior

20  Ex Parte Application [Doc. No. 34-1, at pp. 6-7], and plaintiff opposed this request

21  [Doc. No. 36, at pp. 54-55]. For the reasons outlined more fully below, the Court finds

22  that defendants' Ex Parte Application must be GRANTED. Defendants must be

23  permitted to conduct a Rule 35 mental examination of plaintiff, because the allegations

24  in plaintiff's Complaint have placed plaintiff's mental health "in controversy," and

25  there is "good cause" for the requested examination.

26  / / /

27  / / /

28  / / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### *Background*

In this civil rights action, plaintiff is proceeding *pro se*.[1] [Doc. No. 8, at p. 1.] The remaining causes of action in the Amended Complaint ("Complaint") filed on December 23, 2013 are for alleged constitutional violations under Section 1983 for excessive force; false arrest; deprivation of property without Due Process; and cruel and unusual punishment. Plaintiff also alleges that defendants violated the Americans with Disabilities Act (ADA) during the incidents alleged in the Complaint. [Doc. No. 8, at pp. 3-15; Doc. No. 23, at pp. 6-8.]  Plaintiff's factual allegations relate to two separate incidents on May 3, 2011 and August 19, 2011.  In both of these incidents, plaintiff claims that police officers conducted themselves in an unconstitutional or unlawful manner and subjected him to excessive force. [Doc. No. 8, at pp. 3-15.]

### *Discussion*

**A.    *Defendant's Request for a Rule 35(a) Examination.***

In a prior Ex Parte Application, defendants requested an order compelling a Rule 35 mental examination of plaintiff for the following reasons: "Defendants want to independently psychologically examine plaintiff by using a certified psychiatrist, outside the presence of any lawyers[,] in order to determine if plaintiff suffered from a mental disorder at the time of the incident[s] and/or any pre-existing injury contributed to the incident or damages, the nature and extent of any emotional distress, etc.  Plaintiff has refused to submit to [a] properly notice [independent medical examination] with Dr. Addario." [Doc. No. 34-1, at p. 7.]

The instant Ex Parte Application includes a more detailed request for an order compelling a Rule 35 mental examination and a request for an order requiring plaintiff to reimburse defendants for his failure to appear at a previously scheduled examination.

---

[1]     *Pro se* litigants are afforded some leniency to compensate for their lack of legal training. "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003) (internal citation omitted). This also applies to motions. *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003).  Accordingly, plaintiff's *pro se* status will be taken into consideration by the Court when his filings are reviewed.

13cv1765-WQH(KSC)

1  [Doc. No. 42.] Defendants represent that Dr. Addario is a certified forensic psychiatrist
2  licensed by the State of California. The proposed examination includes a three or four
3  hour face-to-face interview to conduct a "standard comprehensive psychiatric
4  evaluation" and three to four hours of standardized psychological testing. [Doc. No.
5  42-1, at pp. 3-4.]

6      Essentially, defendants argue that the Court should issue an order compelling
7  plaintiff to submit to an examination by Dr. Addario, because the allegations in
8  plaintiff's Complaint affirmatively place his mental condition in controversy in this
9  case, and there is good cause for the examination. Without a Rule 35 examination,
10  defendants contend they will be deprived of an opportunity to discover information that
11  will assist them in evaluating the case and preparing their defense for trial. Defendants
12  believe plaintiff's mental condition is particularly relevant to his cause of action for
13  false imprisonment. In this regard, defendants cite plaintiff's allegations that police
14  officers unconstitutionally arrested and/or detained plaintiff "with no basis in fact or
15  law" and transported him to a mental health facility for a "72 hour hold" against his
16  will after friends and relatives became concerned and requested "that Mental Health
17  officials go check on him." [Doc. No. 42-1, at pp. 10-11; Doc. No. 8, at pp. 4, 12.] In
18  addition, defendants argue they are entitled to discover information about plaintiff's
19  mental health in order to defend themselves against plaintiff's "alleged emotional
20  damages." [Doc. No. 42-1, at p. 10.]

21      Plaintiff opposes plaintiff's request for an order compelling him to appear for a
22  Rule 35 examination on various procedural grounds. [Doc. No. 45, at pp. 1-5.] Plaintiff
23  also argues that his mental condition is not at issue in the case, because his Complaint
24  only includes a claim for "garden variety" damages. [Doc. No. 36, at p. 54.]

25  / / /
26  / / /
27  / / /
28  / / /

Federal Rule of Civil Procedure 35(a) provides in part as follows:

> The court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. . . . The order . . . may be made only on motion for good cause. . . .

Fed.R.Civ.P. 35(a)(1)&(2).

Rule 35(a) does not permit "sweeping examinations of a party who has not affirmatively put into issue his own mental or physical condition. . . ." *Schlagenhauf v. Holder*, 379 U.S. 104, 121 (1964). The "in controversy" and "good cause" requirements "are not met by mere conclusory allegations of the pleadings–nor by mere relevance to the case–but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Id.* at 118. To justify an examination, "the movant must produce sufficient information, by whatever means." *Id.* at 119. "Of course, there are situations where the pleadings alone are sufficient to meet these requirements." *Id.*

Determining whether the Rule 35(a) "in controversy" and "good cause" standards have been met is analogous to the standard for determining whether the plaintiff has placed his mental condition at issue so as to waive the psychotherapist-patient privilege. *Stevenson v. Stanley Bostitch, Inc.*, 201 F.R.D. 551, 557 (N.D. Ga. 2001). In this regard, Federal Courts have generally agreed that the "in controversy" requirement of Rule 35(a) requires more than allegations of the type of "garden variety" emotional distress or anguish that an average person might suffer as a result of being injured or victimized. *See, e.g., Ornelas v. Southern Tire Mart, LLC*, 292 F.R.D. 388, 393-394 (S.D. Tex. 2013).

"[C]ourts will order plaintiffs to undergo mental examinations where the cases involve, in addition to a claim of emotional distress, one or more of the following:  1) a cause of action for intentional or negligent infliction of emotional distress;  2) an allegation of a specific mental or psychiatric injury or disorder;  3) a claim of unusually

1  severe emotional distress; 4) plaintiff's offer of expert testimony to support a claim of

2  emotional distress; and/or 5) the plaintiff's concession that his or her mental condition

3  is "in controversy" within the meaning of Rule 35(a)." *Turner v. Imperial Stores*, 161

4  F.R.D. 89, 95 (S.D. Cal. 1995).   Courts have also concluded that a plaintiff's

5  allegations of an ongoing mental injury or continuing emotional distress are enough to

6  place his or her mental health in controversy. *Gattegno v. Price Waterhouse Coopers*,

7  LLP, 204 F.R.D. 228, 231-232 (D. Conn. 2001).

8       In an Order Granting Defendants' Ex Parte Application for an Order Compelling

9  Plaintiff to Provide Written Discovery Responses and Release of Medical Records,

10  which is being issued concurrently with this Order, this Court concluded based on the

11  allegations in plaintiff's Complaint that he has put his mental health at issue in the case

12  and has therefore waived the psychotherapist-patient privilege as to certain mental

13  health records.  These same allegations establish that plaintiff's mental health is "in

14  controversy" under Rule 35(a)(1) and that there is "good cause" under Rule 35(a)(2)

15  to allow defendants to conduct a Rule 35 mental health examination of plaintiff.

16       As the Court stated in the concurrent Order Granting Defendants' Ex Parte

17  Application for an Order Compelling Plaintiff to Provide Written Discovery Responses

18  and Release of Medical Records, the Complaint includes a number of allegations

19  demonstrating that plaintiff's mental health is a key issue in the case. These allegations

20  demonstrate that plaintiff is not merely seeking to recover for "garden variety"

21  emotional distress resulting from defendants' alleged misconduct as plaintiff contends.

22  First, the Complaint alleges that plaintiff suffers from "fear and anxiety" and "severe

23  emotional distress" as a result of the incidents described in the Complaint. [Doc. No.

24  8, at p. 9.] More specifically, the Complaint states that these incidents have "created

25  an environment of fear and anxiety for the [plaintiff and his wife] making the most

26  basic of daily activities such as travel to and from work wrought with fear, danger and

27  uncertainty, creating severe emotional distress." [Doc. No. 8, at p. 9.]

28  / / /

1   The first cause of action alleges that plaintiff's "mental health arrest" by police
2   was unconstitutional. [Doc. No. 8, at pp. 4, 9-10.] The third cause of action in the
3   Complaint alleges that officers used excessive force against plaintiff which resulted in
4   "both physical and mental injuries," as well as "serious personal injuries and loss of
5   companionship of his wife and child for a period of 4 months. . . ." [Doc. No. 8, at p.
6   12.] Plaintiff's fourth cause of action for false arrest alleges that defendants had "no
7   basis in fact or law" to arrest or detain plaintiff and that as a result of defendants'
8   alleged unconstitutional acts plaintiff "suffered serious personal injuries and special
9   damages." [Doc. No. 8, at p. 12-13.] Plaintiff's seventh cause of action for violations
10  of the ADA alleges that officers acted in a discriminatory manner "based on actual and
11  perceived mental health issues. . . ."[2] [Doc. No. 8, at p. 14.] The Court notes that a
12  discrimination claim against a governmental entity under the ADA generally requires
13  proof that the plaintiff is a "qualified individual with a disability." *Duvall v. County*
14  *of Kitsap*, 260 F3d 1124, 1135 (9th Cir. 2001).

15  Based on the foregoing, the above-cited allegations in plaintiff's Complaint are
16  more than enough to satisfy the "in controversy" and "good cause" requirements of
17  Rule 35(a) and(b). As defendants point out in their moving papers [Doc. No. 42-1, at
18  p. 11], "Rule 35 is considered an attempt to fairly place the parties on a somewhat
19  equal footing." *Tomlin v. Holecek*, 150 F.R.D. 628, 632 (D. Minn. 1993). Without an
20  opportunity to evaluate plaintiff's mental health, defendants' cannot "adequately and
21  thoroughly evaluate the case or prepare for trial." [Doc. No. 42-1, at p. 11.] Therefore,
22  the Court finds that defendants' request for an order compelling plaintiff to submit to
23  a Rule 35 mental examination must be GRANTED.

24

---

25  [2]  Defendants also state in the Ex Parte Application that plaintiff claims he
26  "now suffers anxiety seeking mental health care for fear it may be used to falsely
     imprison or defame him in the future" and that he and his family "suffer PTSD type
27  symptoms as a result of his treatment at the hands of SDPD and the City of San Diego."
     [Doc. No. 42-1, at p. 9.] However, the source of these claims is unclear. [Doc. No. 42-
28  1, at p. 9.] Plaintiff indicates in his Response to defendants Ex Parte Application that
     these claims were included in his responses to defendants' interrogatories. [Doc. No.
     45, at p. 5.]

**B.    *Plaintiff's Objections to the Proposed Examiner.***

If the Court determines that a Rule 35 examination is necessary, plaintiff challenges Dr. Addario's qualifications and his credibility to provide testimony about plaintiff's mental state at the times in question, because he was "not present," presumably when the acts giving rise to this lawsuit took place. [Doc. No. 36, at p. 54.] Plaintiff also states that he "has concerns as to [Dr. Assario's] expertise and understanding of specific medications plaintiff takes" and therefore seeks to question him before agreeing to having him conduct an independent medical examination. [Doc. No. 36, at p. 54.] He believes Dr. Addario's testimony would have "zero value" as an expert unless he is qualified to testify about these specific medications. [Doc. No. 36, at p. 54.] In addition, plaintiff appears to be concerned that Dr. Addario may be biased, as he wants to know how many times he has testified for or against the government and how much he gets paid for his testimony and evaluation. [Doc. No. 36, at p. 54-55.]

As noted above, Rule 35(a) authorizes the Court to order "a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination ***by a suitably licensed or certified examiner***." Fed.R.Civ.P. 35(a) (emphasis added). This provision "expressly" authorizes the Court "to assess the credentials of the examiner to assure that no person is subjected to a court-ordered examination by an examiner whose testimony would be of such limited value that it would be unjust to require the person to undergo the invasion of privacy associated with the examination. . . . If the proposed examination and testimony calls for an expertise that the proposed examiner does not have, it should not be ordered, even if the proposed examiner is a physician." Fed.R.Civ.P. advisory committee's note.

The Court would only consider the appointment of a different examiner from the one proposed by defendants if plaintiff raised valid objections. *Powell v. United States*, 149 F.R.D. 122 (E.D. Va. 1993). "The 'valid objection' requirement provides defendants with the same opportunity as plaintiffs in choosing an expert witness.

1   Defendants have absolutely no say in determining which physician a plaintiff chooses
2   as a treating physician or an expert witness; likewise, a plaintiff should be limited in
3   his ability to object to the selection of the defendant's expert witnesses." *Id.* at 124.
4   The plaintiff in *Powell v. United States* argued that defendant's proposed examiner was
5   biased, because he was regularly retained by insurance companies and defendants to
6   perform medical examinations. The Court rejected this argument because the plaintiff
7   did not demonstrate personal bias on the part of the proposed examiner. *Id.* at 124.

8       Here, defendants have represented that Dr. Addario is a certified forensic
9   psychiatrist licensed to practice in the State of California. [Doc. No. 42-1, at p. 3.]
10  Plaintiff has not presented any valid reason why Dr. Addario should not be allowed to
11  conduct the requested examination.  Plaintiff's objections are conclusory and pre-
12  mature. While plaintiff's objections may be appropriate matters for cross-examination
13  at trial, they are not enough to disqualify Dr. Addario from conducting a Rule 35
14  examination in his certified area of expertise – psychiatry.

15      Plaintiff also wants the Court to limit the scope of questions and issues during
16  the examination and prohibit any standardized testing.  There is, however, nothing
17  unusual or improper about the scope of the proposed examination as delineated in
18  defendants' Ex Parte Application.  Defendants have provided a list of matters to be
19  covered during the examination.  They seek to conduct a "standard comprehensive
20  psychiatric evaluation" and certain standardized tests.  [Doc. No. 42-1, at pp. 3-4.]
21  Accordingly, plaintiff's objections to Dr. Addario are overruled.

22      **C.   *Defendants' Request for Repayment of Costs.***

23      In their Ex Parte Application, defendants explain that they served plaintiff with
24  a notice for a Rule 35 examination to be conducted by Dr. Addario on July 10, 2015,
25  but plaintiff did not serve them with an objection and failed to appear for the
26  examination. [Doc. No. 42-1, at p. 2-4, 11.] As a result, defendants seek reimbursement
27  in the amount of $1,500 to be paid directly to Dr. Addario as a "non appearance fee."
28  [Doc. No. 42-1, at p. 2, 11.]

1    In his Response, plaintiff argues he should not be required to pay for

2    Dr. Assario's time, because defense counsel indicated to plaintiff on July 7, 2015 that

3    defense counsel was cancelling all depositions and the examination. [Doc. No. 45, at

4    p. 6.] Plaintiff also argues that he should be required to pay this "non appearance fee,"

5    because defendants have not submitted any proof showing they were even billed by Dr.

6    Addario for his time on the date in question. [Doc. No. 45, at p. 6.]

7    Based on the foregoing, the Court finds that defendants request for an order

8    compelling plaintiff to pay a $1,500 non appearance fee must be DENIED. The Court

9    finds that defendants have not provided sufficient justification for their request.

10    ### *Conclusion*

11    For the reasons outlined above, IT IS HEREBY ORDERED that defendants'

12    Ex Parte Application must be GRANTED in part and DENIED in part as follows:

13    1.    Defendants' request for an order compelling plaintiff to appear for a

14    mental health examination pursuant to Federal Rule of Civil Procedure 35 is

15    GRANTED. The Court finds that the scope of examination proposed by defendants

16    in their Ex Parte Application is appropriate. [Doc. No. 42-1, at pp. 3-4.]

17    2.    Defendants' request for an order compelling plaintiff to pay a $1,500 non

18    appearance fee is DENIED.

19    IT IS FURTHER ORDERED THAT:

20    1.    Plaintiff shall appear for an examination ***within 60 days*** of the date this

21    Order is filed. The examination shall be conducted by Dr. Dominic Addario at his

22    office, which is located at 3010 First Avenue, San Diego, California 92103. Federal

23    Rule of Civil Procedure 35(a)(2)(B) states that the Court must "specify the time" for

24    the examination.

25    2.    The Court finds that the examination should be conducted during normal

26    business hours (*i.e.*, Monday through Friday between the hours of 9:00 a.m. and 5:00

27    p.m.) at a time that takes plaintiff's schedule into consideration. Since the entire

28    examination is expected to take a total of six to eight hours, it may, at plaintiff's option,

1  be conducted on one day or on two separate days (*i.e.*, one day of three to four hours
2  for a face-to-face interview and a second day of three to four hours for standardized
3  testing).

4      3.      ***No later than December 18, 2015***, plaintiff shall serve defendants with
5  a Notice of Availability.  In this Notice, plaintiff shall advise defendants of his
6  preferred dates and times for the examination.  Plaintiff shall specifically provide
7  defendants with the following information:

8          (a)     A list of ***fifteen (15) week days*** when plaintiff can make himself
9  available for the examination.  As noted above, these fifteen (15) week days must be
10 ***after*** January 8, 2016 and ***within 60 days*** of the date this Order is filed.

11         (b)     Whether plaintiff prefers the examination to be completed in one
12 day or on two separate days.  If he prefers that his examination take place on two
13 separate dates, plaintiff shall advise defendants whether he prefers to begin at 9:00 a.m.
14 or at 1:00p.m.

15         (c)     If plaintiff prefers to complete the examination on one day, the time
16 for the examination shall be from 9:00 a.m. to 6:00 p.m., with a one-hour lunch break
17 from noon to 1:15 p.m., one ten-minute break in the morning, and one ten-minute break
18 in the afternoon.

19 ***Once again, plaintiff is forewarned that he must participate in the discovery***
20 ***process as provided in the Federal Rules of Civil Procedure and as ordered by the***
21 ***Court.  If plaintiff fails to appear for an examination with Dr. Addario as ordered***
22 ***by the Court, sanctions may be imposed against him, up to and including dismissal***
23 ***of the entire action.  Fed.R.Civ.P. 37***.

24     4.      ***No later than January 8, 2016***, defendants shall serve plaintiff with a
25 Notice of an Independent Medical Examination to be held at one of the times specified
26 in plaintiff's Notice of Availability.

27 / / /
28 / / /

1     5.    If plaintiff fails to provide defendants with a Notice of Availability as

2  ordered by the Court, defendants shall notify the Court in a Status Report filed with the

3  Court and served on plaintiff ***no later than January 8, 2016***.

4     IT IS SO ORDERED.

5  Date: _____*Dec. 4*_____, 2015

6

7

8              KAREN S. CRAWFORD

9              United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13cv1765-WQH(KSC)