# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON A. REDON,<br><br>                 Plaintiff,<br>vs.<br>SAN DIEGO COUNTY, CITY OF SAN DIEGO, ANDRES RUIZ, BRANDON JORDAN, DEREK MILLER, SGT BULKOWSKI, SGT D GRUBBS, OFFICER GIBSON, OFFICER POTTIN, OFFICER NATAL, OFFICER JOHN DOES 1-X, WILLIAM LANSDOWNE, JAN GOLDSMITH, MICHAEL LEE FICKEN, MIRIAM MILSTEIN, DIANA DOHERTY, JOHN DOES 2-X, SGT SHAW, UNNAMED SAN DIEGO POLICE OFFICER,<br><br>                 Defendants. | CASE NO. 13cv1765 WQH (KSC)<br><br>ORDER |

HAYES, Judge:

The matter before the Court is Plaintiff's Motion for Default Judgment. (ECF No. 55).

**I. Background**

On August 22, 2012, Plaintiff Jason A. Redon ("Plaintiff") commenced this action by filing a complaint in the San Diego Superior Court alleging state and federal constitutional violations. (ECF No. 1-2 at 1). The Complaint named the following individuals and entities as defendants: Officer Brandon Jordan; Officer Andres Ruiz; Investigator Derek Miller; San Diego City Attorney Jan Goldsmith; Deputy City

1
2
3
4  Attorney Miriam Milstein; and the City of San Diego, including the San Diego Police Department ("Initial Defendants"). *Id*. On August 27, 2012, Plaintiff filed an amended complaint in the San Diego Superior Court, naming the same Defendants. (ECF No. 1-2 at 2).

5
6
7
8
9
10  Plaintiff filed a second amended complaint on July 5, 2013. (ECF No. 1-3.) In addition to the Initial Defendants, Plaintiff added the following individuals/entities as defendants: San Diego County; Sergeant Bulkowski; Sergeant Grubbs; Officer Gibson; Officer Pottin; Officer Natal; San Diego Chief of Police William Lansdowne; Deputy City Attorney Michael Lee Ficken; and Deputy City Attorney Diana Doherty ("Default Defendants"). *Id*.

11
12
13
14
15
16
17
18
19
20
21
22  On July 29, 2013, Defendants filed a notice of removal of civil action in this Court. (ECF No. 1). On August 8, 2013 a Motion to Dismiss and a Motion for a More Definite Statement was filed. (ECF No. 2). Plaintiff opposed both the Notice of Removal and the Motion to Dismiss. (ECF Nos. 4 & 6). On November 8, 2013, the Court denied the opposition to the Notice of Removal, granted the Motion to Dismiss, and granted Plaintiff leave to amend. (ECF No. 7). On December 23, 2013, Plaintiff filed a third amended complaint, which is the operative pleading. (ECF No. 8). The third amended complaint added two additional defendants, Sergeant Shaw and an "Unnamed San Diego Police Officer." *Id*. A summons listing all of the Defendants named in the third amended complaint was issued by the Clerk of this Court and mailed to Plaintiff at his docket address with instructions that the summons needed to be served. (ECF No. 9).

23
24
25
26
27
28  On January 13, 2014, the six Initial Defendants filed a Motion to Dismiss for failure to state a claim. (ECF No. 11) On July 28, 2014, this Court granted in part and denied in part the Motion to Dismiss. (ECF No. 23). The Court dismissed all of Plaintiff's state law claims, the 28 U.S.C. § 1983 Monell claim, and all of the claims against Defendants City of San Diego, City Attorney Jan Goldsmith, and Miriam Milstein.

On August 11, 2014, the three remaining Initial Defendants (Ruiz, Jordan and Miller) filed an Answer to the amended complaint. (ECF No. 24). On July 24, 2015, these Defendants filed a Motion for Judgment on the Pleadings. (ECF No. 41). On December 17, 2015, the Court granted the Motion for Judgment on the Pleadings in part and denied in part. (ECF No. 53). The only remaining claim (Count 3) alleges excessive use of force against Defendants Ruiz and Jordan.

On December 17, 2015, the Court also issued an Order notifying Plaintiff that the docket reveals no proof of service for the following Defendants: Sergeant Bulkowski; Sergeant Grubbs; Sergeant Shaw; Officer Gibson; Officer Pottin; Officer Natal; former San Diego Chief of Police William Lansdowne; Michael Lee Ficken; and Diana Doherty. (ECF No. 54). Plaintiff was informed that the Court would dismiss this action as to these Defendant without prejudice on January 11, 2016, unless, before that date, Plaintiff files proof that service of the Complaint was effectuated on these Defendants pursuant to the Federal Rules of Civil Procedure or otherwise shows cause why this case should not be dismissed as to these Defendants.

On December 21, 2015, Plaintiff filed a Motion for Default Judgment against Defendants Bulkowski, Grubbs, Gibson, Pottin, Natal, Lansdowne, Ficken, and Doherty (hereinafter referred to collectively as the "Default Defendants").[1] (ECF No. 55). Plaintiff contends that the second amended complaint filed July 5, 2013, was "duly served on the respondent superior, City of San Diego," and then individually served defendants "Lansdowne, Pottin, Gibson, Bulkowski, Natal, Grubbs, Michael Lee Ficken, and Diana Doherty" on August 26, 2013. *Id*. at 1-2. Plaintiff attaches Exhibit A, which consists of two proofs of service, both dated August 26, 2013. The first proof of service states that "Chase Alan Shivers" personally served the "Amended Complaint" on "Michael Ficken" and "Diana Doherty" at "1200 Third Avenue, Suite 300 San Diego CA, 92101." (ECF No. 55-1 at 2). The second proof of service states that "Chase Alan Shivers" personally served "Chief W. Landsdowe, Sgt Bulkowski, Sgt D Grubbs,

---

[1] Defendant Shaw is not mentioned in the Motion for Default Judgment.

1  Officer Gibson, Officer Natal," and "Officer Pottin" at "2400 5th Ave. Unit 218 San
2  Diego CA, 92101." *Id*. at 3. Plaintiff also attaches Exhibit B, which is a declaration of
3  service from Chase Alan Shivers, dated December 18, 2013, in which states that he
4  served the "AMENDED CIVIL COMPLAINT VERSION 3.0" by placing a sealed copy
5  of it at a United States Postal Service mailbox at in downtown San Diego and sending
6  it to "Catherine L. Turner at the Office of the City Attorney of San Diego 1200 Third
7  Ave, Suite 1100 San Diego CA, 92101-4100." (ECF No. 55-2 at 2).

8  On January 11, 2016, Defendants Sergeant Bulkowski, Sergeant Grubbs, Sergeant Shaw, Officer Gibson, Officer Pottin, Officer Natal, former San Diego Chief of Police William Lansdowne, Michael Lee Ficken; and Diana Doherty specially appeared for the limited purpose of filing an Opposition to Motion for Default Judgment on the grounds that they had not been properly served in accordance with Rule 4 of the Federal Rules of Civil Procedure. (ECF No. 64). Defendants contend that summons were never served on any of the Default Defendants and therefore the Court does not have personal jurisdiction.

16  On January 19, 2016, Plaintiff filed a reply. Plaintiff attaches a Proof of Personal Service dated July 5, 2013, which states that "Chase Alan Shivers" personally served the "Amended Complaint" on the "City Attorney of San Diego." (ECF No. 65-1 at 2). Plaintiff also attaches a copy of an email sent to "bcline@sandiego.gov," On December 8, 2014. This email contains a picture of the first proof of service attached as Exhibit A to Plaintiff's motion (ECF No. 55-1 at 2). (ECF No. 65-2 at 2).

**II. Discussion**

**A. Judicial Notice**

Defendants request that the Court take judicial notice of two document: Exhibit 1, Superior Court of California, County of San Diego, Register of Actions Notice, Redon v. Jordan, Case No. 37-2012-00102839-CU-CR-CTL and Exhibit 2, United States District Court, Southern District of California, Civil Docket for Redon v. County of San Diego, et al., Case No. 13-cv-01765- WQH-KSC.

Federal Rule of Evidence 201 provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . is generally known within the trial court's territorial jurisdiction; or . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed R. Evid. 201(b). [U]nder Fed. R. Evid. 201, a court may take judicial notice of 'matters of public record.'" *Lee*, 250 F.3d at 689 (quoting *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir.1986)). Courts may take judicial notice of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotations omitted). Plaintiff does not object to or question the authenticity of the documents filed by Defendants. The Court will take judicial notice of Defendants first document, Exhibit 1. However, the Court finds it unnecessary to take judicial notice of Exhibit 2, a copy of the docket in this case, as it is readily available to the Court. *See, e.g.*, *Asvesta v. Petroutsas*, 580 F.3d 1000, 1010 n. 12 (9th Cir. 2009) (denying request for judicial notice where judicial notice would be "unnecessary").

**B. Motion for Default Judgment**

"[W]hen a court is considering whether to enter a default judgment, it may dismiss an action *sua sponte* for lack of personal jurisdiction. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). "A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). "It is the plaintiff's burden to establish the court's personal jurisdiction over a defendant." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001).

Rule 4(b) requires that "the clerk must sign, seal, and issue" the summons for service. *See* Fed. R. Civ. P. 4(b). Rule 4(c) requires that a summons be served with a copy of the complaint. *See* Fed. R. Civ. P. 4(c). Service may be accomplished by delivering a copy of the summons and complaint to the individual personally; by

leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or, by delivering a copy of each to an agent authorized by appointment or by law to receive service of process. *See* Fed. R. Civ. P. 4(e)(2)(A)-(C). "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) . . . ." *See* Fed. R. Civ. P. 4(c). "If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "Once service is challenged, plaintiff[] bear[s] the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir.2004). If the plaintiff is unable to satisfy its burden of demonstrating effective service, the court has discretion to either dismiss or retain the action. *See Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir.1976).

The record indicates that Plaintiff filed an amended complaint in state court on July 5, 2013 which initially named all of the Default Defendants as parties. The record does not show that a new or amended summons was issued. *See* ECF No. 64-2 at 4. On December 23, 2013, Plaintiff filed a third amended complaint, the operative pleading, and a summons was issued. At the time Plaintiff filed his third amended complaint, Rule 4(m) required that service be made within 120 days from the date the amended pleading was filed. *See* Fed. R. Civ. P. 4(m). In his declaration, Chase Alan Shivers, states that he served the "AMENDED CIVIL COMPLAINT VERSION 3.0." *See* ECF No. 55-2 at 2. However, there is no evidence that Plaintiff ever served the summons that the Court issued. In the light most favorable to Plaintiff, there is evidence that Plaintiff attempted to serve the Default Defendants with a copy of the third amended complaint by mail,[2] *see* ECF No. 55-2 at 2; however, a summons must also be served. *See* Fed. R. Civ. P. 4(c) ("A summons must be served with a copy of

---

[2] The Court makes no conclusions on whether Plaintiff's Exhibit B would have been proof of adequate service had a summons been served as well as the amended complaint. *See* Fed. R. Civ. P. 4(e)(2)(A)-(C) (listing the ways that someone may be properly served).

the complaint."); Cal. Civ. Proc. Code § 415.10 ("A summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served.").

The Court concludes that default judgment is inappropriate because Plaintiff has failed to provide sufficient evidence that he properly served the Default Defendants. The Court further concludes that dismissal of the Default Defendants is appropriate because Plaintiff has not proved that service was properly effectuated on the Default Defendants or otherwise shown cause why this case should not be dismissed as to the Default Defendants.

**III. Conclusion**

IT IS HEREBY ORDERED that Plaintiff's Motion for Default Judgment is denied.

IT IS FURTHER ORDERED that Defendants Sergeant Bulkowski, Sergeant Grubbs, Sergeant Shaw, Officer Gibson, Officer Pottin, Officer Natal, former San Diego Chief of Police William Lansdowne, Michael Lee Ficken; and Diana Doherty are dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

DATED: February 3, 2016

**WILLIAM Q. HAYES**
United States District Judge