**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JASON A. REDON,<br><br>                     Plaintiff,<br>  vs.<br>ANDRES RUIZ, et al.,<br><br>                    Defendants. | CASE NO. 13cv1765 WQH-KSC<br><br>ORDER |

HAYES, Judge:

      The matter before the Court is Plaintiff's Motion for Leave to Amend. (ECF No. 76).

**I. Background**

      On August 22, 2012, Plaintiff Jason A. Redon ("Plaintiff") commenced this action by filing a complaint in the San Diego Superior Court alleging state and federal constitutional violations. (ECF No. 1-2 at 1). The Complaint named the following individuals and entities as defendants: Officer Brandon Jordan; Officer Andres Ruiz; Investigator Derek Miller; San Diego City Attorney Jan Goldsmith; Deputy City Attorney Miriam Milstein; and the City of San Diego, including the San Diego Police Department ("Initial Defendants"). *Id.* On August 27, 2012, Plaintiff filed an amended complaint in the San Diego Superior Court, naming the same Initial Defendants. (ECF No. 1-2 at 2).

      On July 5, 2013, Plaintiff filed a second amended complaint. (ECF No. 1-3.) In addition to Initial Defendants, Plaintiff added the following individuals/entities as

defendants: San Diego County; Sergeant Bulkowski; Sergeant Grubbs; Officer Gibson; Officer Pottin; Officer Natal; San Diego Chief of Police William Lansdowne; Deputy City Attorney Michael Lee Ficken; and Deputy City Attorney Diana Doherty. *Id*. No amended summons was issued by the Superior Court. As such, these additional Defendants were never officially served.

On July 29, 2013, Initial Defendants filed a notice of removal of civil action in this Court. (ECF No. 1). On August 8, 2013, Initial Defendants filed a Motion to Dismiss and a Motion for a More Definite Statement. (ECF No. 2). Plaintiff filed a Motion opposing the Notice of Removal and an opposition to the Motion to Dismiss. (ECF Nos. 4, 6). On November 8, 2013, the Court denied the Plaintiff's motion opposing the Notice of Removal, granted the Motion to Dismiss, and granted Plaintiff leave to amend. (ECF No. 7). The Court concluded that the second amended complaint failed to reference any specific policy or practice, failed to identify any conduct by a specific defendant, and failed to allege any facts showing compliance with the presentation requirement of the California Tort Claims Act. *Id*. at 6.

On December 23, 2013, Plaintiff filed a third amended complaint, which is the operative pleading. (ECF No. 8). On January 13, 2014, the Initial Defendants filed a Motion to Dismiss for failure to state a claim. (ECF No. 11) On July 28, 2014, this Court granted in part and denied in part the Motion to Dismiss. (ECF No. 23). The Court dismissed all of Plaintiff's state law claims, the 28 U.S.C. § 1983 *Monell* claim, and all of the claims against Defendants City of San Diego, City Attorney Jan Goldsmith, and Miriam Milstein. The remaining causes of action were: Count 1 - violations of the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments; Count 3 - excessive use of force; Count 4 - false arrest; Count 5 - deprivation of property without due process of law; and Count 6 - administration of cruel and unusual punishment. In addition, a Count 7 alleging a violation of the Americans with Disability Act remained.

On August 11, 2014, the three remaining Initial Defendants (Ruiz, Jordan and

Miller) filed an answer to the amended complaint. (ECF No. 24). On July 24, 2015, Defendants Ruiz, Jordan, and Miller filed a Motion for Judgment on the Pleadings. (ECF No. 41).

On December 17, 2015, the Court granted the Motion for Judgment on the Pleadings in part and denied in part. (ECF No. 53). Specifically, the Court granted the motion as to Counts 1, 4, 5, 6, and 7 as well as all claims against Defendant Miller. The only remaining claim is Count 3—excessive use of force—against Defendants Ruiz and Jordan.

On December 21, 2015, Plaintiff filed a Motion for Default Judgment against Defendants Bulkowski, Grubbs, Gibson, Pottin, Natal, Lansdowne, Ficken, and Doherty. (ECF No. 55). On February 3, 2016, this Court denied Plaintiff's Motion for Default Judgment finding that Plaintiff never attempted to serve a summons on those Defendants. (ECF No. 66).

On April 16, 2016, Plaintiff filed the Motion for Leave to File a Fourth Amended Complaint. (ECF No. 76). On May 2, 2016, Defendants filed a response in opposition. (ECF No. 78). On May 9, 2016, Plaintiff filed a reply. (ECF No. 79).

**II. Discussion**

Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'

*Foman*, 371 U.S. at 182; *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004) (citing *Foman* factors).

"[T]he grant or denial of an opportunity to amend is within the discretion of the District Court . . . ." *Foman*, 371 U.S. at 182. In applying the *Foman* factors, "[n]ot all

factors merit equal weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id*. Defendants bear the burden of showing that they would be unduly prejudiced by the allowance of the amendment. *Id*. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id*. "[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009). "A district court does not abuse its discretion when it denies leave to amend where a plaintiff . . . did not propose any new facts or legal theories for an amended complaint and therefore give the Court any basis to allow an amendment." *Boehm v. Shemaria*, 478 Fed. Appx. 457, 457 (9th Cir. 2012). When amendment would be futile, the district court need not grant leave to amend. *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

The Court concludes that it is not in the interest of justice to allow filing of a fourth amended complaint at this late stage in the proceedings. Plaintiff filed this motion shortly before the close of discovery[1] and seeks to significantly expand that number of claims and defendants in the complaint. In his motion to amend his complaint, Plaintiff proposes to add fourteen causes of action,[2] two new defendants, and

---

[1] The discovery cut-off date was May 31, 2016. The Court notes that there is a pending joint motion to amend the scheduling order on the docket filed on May 24, 2016. (ECF No. 81). This order requests that the Court continue all deadlines currently pending in the case by 180 days.

[2] Plaintiff proposes adding the following causes of action and defendants: (1) an excessive force claim brought against Natal, Vasquex, an unnamed SDPD officers, and two new Defendants, Officer Siemer and Vasquez; (2) deprivation of property brought against Doherty; (3) "familial rights violation of civil rights pursuant to Title 42 U.S.C. § 1983" brought against the City Attorney and Doherty; (4) Eighth Amendment claims brought against the City of San Diego, the City Attorney of San Diego, and Doherty; (5) Due process and equal protection violations brought against all defendant police officers and all defendant city attorneys; (6) Monell claim brought against multiple defendants; (7) "failure to properly train" brought against multiple defendants; (8) failure to disciple and supervise Officer Ruiz and Jordan brought against multiple

several defendants who were previously dismissed. Many of the proposed causes of action have already been dismissed by the Court on the merits. For example, Plaintiff's proposed state causes of action (Counts 13 and 14) have already been dismissed on the merits as being time-barred. *See* ECF No. 23 at 6. Plaintiff's proposed Counts 2, 3, 4 are the same as Counts 5 and 6 in the TAC, which were dismissed on the merits and with prejudice. *See* ECF No. 53. Plaintiff proposed 28 U.S.C. § 1983 *Monell* claim (Counts 6-12) was dismissed by the Court because Plaintiff failed to reference any specific practice or policy other than conclusory statements. Plaintiff's proposed amendments do not correct that error. Further, Plaintiff does not explain why he waited almost twenty months to file for leave to file an amended *Monell* claim. *See Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir.1986) ("[L]ate amendments to assert new theories are not reviewed favorably when the facts and theory have been known to the party seeking the amendment since the inception of the cause of action."). The Court finds that re-pleading these causes of action would be futile.

Plaintiff also proposes to add several defendants who were previously dismissed by the Court on the merits, but Plaintiff does not allege any new facts against those defendants. *See* ECF No. 23 at 8 (dismissing Defendants City of San Diego, City Attorney Jan Goldsmith, and Miriam Milstein). Plaintiff also proposes to add two new defendants, Officers Siemer and Vasquez, who have never been named in any of the previous complaints. Plaintiff's proposed complaint does not state any facts against those officers and it is unclear what role they played during the alleged incidents. The

---

defendants; (9) failure to train and supervise brought against the City of San Diego, the City Attorney of San Diego, and Ficken (ECF No. 76-21 at 16); (10) "unconstitutional policies and procedures use of force matrix" brought against the City of San Diego, San Diego Police Department, and unnamed policy makers; (11) "unconstitutional polices and procedures mandatory no contact order" brought against the City of San Diego, City Attorney of San Diego, unnamed policy makers, and Doherty; (12) "unconstitutional polices and procedures City of San Diego's Charter" brought against the City of San Diego and the City Attorney of San Diego; (13) negligence and negligent supervision brought against all defendants; and (14) violations of the Bane Act brought against all defendants.

Court finds that adding these defendants would be futile. Plaintiff also seeks to add defendants and causes of action based on an event that occurred on September 21, 2015. This event is unrelated to the operative complaint and could not be added to his proceeding.

The Court has previously dismissed Plaintiff's Complaint, FAC, SAC, and portions of his TAC. The case has been pending in this Court since July 29, 2013 and the operative complaint was filed on December 23, 2013. Plaintiff gives no explanation for the delay of more than two years in filing a motion for leave to file an amended complaint. Plaintiff's claim of excessive use of force against Defendants Ruiz and Jordan (Count 3) remains pending. Allowing the amended complaint would result in significant and futile delay. The Court finds that it is not in the interest of justice to allow Plaintiff to file the proposed fourth amended complaint.

Defendants have made a sufficiently strong showing of the *Foman* factors to overcome the presumption in favor of granting leave to amend under Rule 15(a). After considering the motions and Defendants' opposition, Plaintiff's Motion for Leave to Amend is denied.

**III. Conclusion**

IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to Amend (ECF No. 76) is denied.

DATED: June 21, 2016

**WILLIAM Q. HAYES**
United States District Judge