JASON A. REDON
jasonredon@me.com
1644 Calle De La Flor
Chula Vista, CA 91913
(619) 203-5378

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| Jason A. Redon | Case No: 13cv1765 WQH(KSC) |
|---|---|
| Plaintiff, vs. ANDRES RUIZ #6608, San Diego Police Officer, Defendants. | Title: MEMORANDUM OF LAW AND CONTENTIONS OF FACT<br><br>Judge: Hon. William Q. Hayes<br>Magistrate: Hon. Karen S. Crawford<br>Date: Friday, August 11, 2017<br>Court Room: 14B |

## MEMORANDUM OF LAW AND CONTENTIONS OF FACT

Plaintiff, JASON A. REDON, submits the following Memorandum of Contentions of Fact and Law in compliance with Local Rule 16.3 of the Federal Rules of Court for the Southern District of California .

**Jason A. Redon
Pro Se Litigant**



Jason A. Redon
Pro Se Litigant

# TABLE OF CONTENTS

| | |
|---|---|
| TABLE OF CONTENTS | 2 |
| TABLE OF AUTHORITIES | 3 |
| FACTUAL CONTENTIONS | 4 |
| DAMAGES | 5 |
| PERSONAL INJURY INFORMATION | 6 |
| EVIDENTIARY ISSUES | 10 |

**Jason A. Redon**
**Pro Se Litigant**



# TABLE OF AUTHORITIES

**CASES:**

Monroe v. Pape (1961) 365 U.S. 167————————————————————— 7

City of Newport v Fact Concerts (1981) 453 U.S. 247 ——————————— 7

Pratt v. Taylor (1981) 451 U.S. 527———————————————————— 7

First v. Gertzen (1982) 676 F.2d 1252——————————————————— 7

Young v. Los Angeles(1986) 655 F.3rd 1156———————————————— 9

Fogarty v. Gallegos(2006), 523 F.3d 1147————————————————— 9

Carey v. Piphus(1978), 435 U.S. 247——————————————————— 9

Reese v. Herbert(2008), 527 F.3d 1253—————————————————— 9

Wright v. Sheppard(1990), 919 F.2d 665—————————————————— 9

O'Neill v. Krzeminski(1988), 839 F.2d 9, 13———————————————— 9

Tennessee v. Garner(1985), 471 U.S. 1 —————————————————— 9

**UNITED STATES CODE:**

42 U.S.C. § 1983———————————————————————————— 6, 7, 8

**UNITED STATES CONSTITUTION:**

4th Amendment————————————————————————————— 9

14th Amendment———————————————————————————— 9

**Jason A. Redon**
**Pro Se Litigant**



# FACTUAL CONTENTIONS

Statement of Facts:

    The Plaintiff in this action is JASON A. REDON.

    The Defendant in this action is ANDRES RUIZ.

There exists considerable factual contentions between Defendant and Plaintiff.  The Defendants current version of events, differs significantly from both his own, and Officer Jordans, previous testimony and police reports.

    On the night of August 19th, 2011 Officer Ruiz was dispatched to the Plaintiff's residence on suspicion of a domestic altercation between Plaintiff and his wife.  When Officer Ruiz arrived at the house the house was calm, and he was greeted politely by both the Plaintiff and his wife.  The Plaintiff welcomed the officers inside to investigate the scene.  Officer Jordan, who was partnered with Ruiz for the night, entered the apartment to interview the Plaintiff and Officer Ruiz asked Mrs. Redon, the Plaintiffs wife to step outside to conduct his interview.  Before Officer Ruiz had a chance to begin his interview of Mrs. Redon, Officer Jordan asked for Ruiz's assistance inside the residence.  Officer Ruiz entered the residence with Mrs. Redon in tow, and upon passing the kitchen area, Officer Jordan could be heard asking the Plaintiff to place his sleeping newborn on the bed.  Mrs. Redon understanding that the adult bed was an unsafe place to leave the newborn unattended immediate exclaimed  "no, no, I'll take her".  Both officers nodded in agreement and the couple began to gently exchange the child. During the exchange Officer Jordan grabbed Plaintiff's wrist, ripping it away, nearly making plaintiff drop the child.  Plaintiff was spun around and bent over, as Officer Ruiz kneed Plaintiff in the chest and started yelling, "stop resisting'.  Plaintiff in an attempt to show the Officers he was submitting and posed no threat opened his hands and put his arms out to his side as he was stood up with an arm around his throat. Officer Jordan deployed a carotid choke, and quickly rendered Plaintiff unconscious. As Officer Jordan lowered Plaintiff to the ground to sit him in the recovery position, Officer Ruiz unholstered his department issued taser, and deployed the taser from point

**Jason A. Redon**
**Pro Se Litigant**

1  blank range into the Plaintiffs chest while he remain unconscious.  Getting no reaction
2  from the unconscious man he then continued to tase the Plaintiff, redeploying the taser
3  to the Plaintiff's knee, in drive stun mode.  Plaintiff after regaining consciousness was
4  dragged out side by Officer Jordan, and informed he was being arrested for PC 148(a)1
5  for refusing to put his child on the bed.  Officer Ruiz then returned inside the residence
6  to interview Mrs. Redon and charged the Plaintiff with Domestic Violence and Child
7  Endangerment charges.  Plaintiff was then placed in an ambulance and transported to
8  the ER to have the taser probes removed from his chest.  Plaintiff was acquitted of these
9  charges at trial, and of resisting Officer Ruiz he charge being dismissed with prejudice
10  by the judge, after a hung Jury because of excessive force.  Plaintiff has developed PTSD
11  symptoms related to this incident, and has developed significant anxiety and has
12  significantly changed his outlook on life, his love of country, and his personality.
13        While litigating this case Plaintiff was subsequently subpoenaed to testify 3 times
14  against the Defendant in criminal court as a character witness to testify to Ruiz's use of
15  force, failure to follow policies and procedures, and use of excessive force. As a result of
16  this intrusion into Plaintiff's personal life and the constant exposure to the Defendant
17  Plaintiff has developed significant anxiety and tremendous worry for his personal
18  freedom and safety.
19
20                            **DAMAGES**
21  Plaintiff seeks damages for:
22     1. Deprivation of his constitutional right to be secure in his person against
23        unreasonable seizure.
24     2. Deprivation of his constitutional right to not be subjected to excessive force.
25     3. Punitive Damages to deter Andres Ruiz from continuing to use excessive force as
26        he has continued to use excessive force and falsify police information since 2011
27        during his continued employ at SDPD.
28



1  4. Compensatory Damages for Lost Income, Medical Expenses, opportunity costs
2     and actual costs.
3  5. Delay Damages
4  6. Severe pain, suffering, and fear for his life
5  7. Mental anguish and emotional distress
6  8. Impairment of Reputation
7  9. Grief
8  10. Anxiety
9  11. Physical Pain
10 12. Inconvenience
11 13. Mental Suffering
12 14. Loss of Enjoyment of Life
13 15. Humiliation and Emotional Distress
14
15    The liability of the defendant is predicated under a single remaining count of
16 Plaintiffs complaint:
17    By PLAINTIFF against defendant RUIZ, for violation of 42 U.S.C . § 1983 for
18 depriving the PLAINTIFF under the color of law his right to be secure from
19 unreasonable search and seizure, and his right not to be subjected to excessive force and
20 denying him equal protection under the law.
21
22                    **PERSONAL INJURY INFORMATION**
23    Plaintiff, JASON REDON was a 32 year old male at the time of the incident on
24 August 19th, 2017;
25    Plaintiff has suffered significant out-of-pocket losses as a result of this incident.
26    Plaintiff has incurred the costs of two medical visits and two ambulatory trips as
27 a result of the incident.
28

Jason A. Redon
Pro Se Litigant



**Jason A. Redon**
**Pro Se Litigant**

1   Plaintiff has suffered both physical and mental pain and suffering as a result of
2   this incident, as well as having his sense of peace and safety destroyed.
3   Plaintiff a former military service member has suffered the sense of loss of family,
4   and country.  This loss has exacerbated and made treatment resistant his previous
5   existing and relatively mild PTSD.  It has left him with a sense that he is stuck in a war
6   zone and under threat of attack at all times from domestic enemies of the constitution.
7   Defendant deprived plaintiff, under the color of law, (1) of his right to be secure
8   in his person against unreasonable seizure; and (2) of his right not to be subjected to
9   excessive force.
10   By using excessive force against the Plaintiff under the color of law, Defendant
11   deprived Plaintiff of his rights under the Fourth Amendment to the United States
12   Constitution.
13
14   Defendants liability is founded under 42 USC . § 1983 which provides that,
15
16   *"Every person who under the color of any statute, ordinance, regulation, custom*
17   *or usage, of any State… subjects, or causes to be subjected, any citizen of the*
18   *United States or other person within the jurisdiction thereof to the deprivation of*
19   *any rights privilege or immunities secured by the Constitution and laws, shall be*
20   *liable to the party injured in an action at law, suit in equity, or other proper*
21   *proceeding for redress"*
22
23   Defendants's use of excessive force on decedent is actionable under 1983. (*Monroe*
24   *v. Pape (1961) 365 U.S. 167*)
25
26   Plaintiff's is entitled to relief for physical and mental, both immediate and
27   ongoing pain and suffering, emotional distress and humiliation.  (*Carey v. Piphus, 435*
28   *U.S. 247, Wright v. Sheppard, 919 F.2d 665, O'Neill v. Krzeminski, 839 F.2d 9, 13*)



**MEMORANDUM OF LAW AND CONTENTIONS OF FACT**
**7 of 12**

**Jason A. Redon**
**Pro Se Litigant**

1
2        One of the most important purposes of 42 U.S.C . § 1983 is to deter future abuses
3 of power by persons acting under the color of law. (*City of Newport v Fact Concerts (1981)*
4 *453 U.S. 247, 191 S. Ct. 2748, 691 L. Ed. 2d 616*)
5
6        Defendant should be subject to punitive damages as his conduct was both
7 malicious and reckless; potentially endangering Plaintiff's life and has continued since
8 the incident..
9
10        Negligent Deprivations are actionable under . § 1983 (*Parratt v. Taylor, (1981) 451*
11 *U.S. 527, 101 S. Ct. 1908, 68 L. Ed. 2d 420; First v. Gertzen (9th Cir., 1982) 676 F.2d 1252*)
12
13        Under Section 1983, individual liability lies where (1) the conduct complained of
14 was committed by a person acting under the color of state law and (2) the conduct
15 deprived a person of rights, privileges, or immunities secured by the Constitution of the
16 United States.
17        Here there is no dispute that Officer Ruiz's conduct was under the color of state
18 law.
19        The Primary issue for jury determination is wether the use of taser on Plaintiff
20 who was unconscious and who's only crime was a misdemeanor for refusing a different
21 Officers order to place his 4 month old daughter in a dangerous position was excessive
22 and unreasonable.
23        The secondary issue here for jury determination is wether Officer Ruiz's use of
24 his departmental issued X-26 Taser outside of departmental policies and procedures,
25 crossed the reasonableness threshold for excessive force under Graham v. Connor and if
26 it should also be considered excessive force; namely by tasing Plaintiff at point blank
27 range to the chest; a manner Officer Ruiz admitted he had recently been directed to
28 avoid and understood would most likely be lethal.



**Jason A. Redon**
**Pro Se Litigant**

1  The only crime Plaintiff was suspected of at the time of the officers use of force
2  was PC 148(a)1, misdemeanor and there is little to justify the use of deadly force under
3  these circumstances..
4  "Lethal or deadly force is force that a person uses causing, or that ***a person***
5  ***knows or should know*** would create a substantial risk of causing, death or serious
6  bodily harm." (*US NAVY use of force policy,"Sociological and Criminological Theory: Brief of*
7  *Theorists, Theories, and Terms," July 2012, page 37*).
8  Here, there is no factual dispute by Officer Ruiz, he has admitted to
9  understanding he should refrain from tasing a suspect in the chest area at point blank
10 range as it could cause cardiac arrest.  If Officer Ruiz understood this level of force was
11 potentially deadly then he necessarily violated Plaintiff's Constitutional right to be free
12 from unreasonable search and seizure with it usage.
13  A seizure made by a government official that is unreasonable under the
14 circumstances thus violates a suspects 4th Amendment right and their right to equal
15 protection under the 14th Amendment.  An officer may never use deadly force to make
16 the arrest of or to prevent the escape of a person who has committed a misdemeanor.
17 Deadly force may never be used on mere suspicion . Deadly force may never be used by
18 law enforcement officers to arrest or prevent the escape of a person who has committed
19 a nonviolent felony.
20  It is well established that an Officer may never use lethal or deadly force simply
21 to apprehend a person suspected of a misdemeanor
22  In Young vs. County of Los Angeles the appellate court stated:

> *"Our sister circuits have likewise concluded that misdemeanors are relatively*
> *minor and will generally not support the deployment of significant force. See, e.g.,*
> *Fogarty v. Gallegos, 523 F.3d 1147, 1160 (10th Cir. 2008); Reese v. Herbert, 527*
> *F.3d 1253, 1274 (11th Cir. 2008)."*



**Jason A. Redon**
**Pro Se Litigant**

> *The Young court also added: "In addition, we have previously suggested that felonies not involving violence provide limited support for the use of significant force under Graham. See Meredith, 342 F.3d at 1063; Chew, 27 F.3d at 1442-43 & n.9."*

Under T*ennessee v. Garner*, deadly force may be permissible if "the suspect threatens the officer with a weapon or there is probable cause to believe that he has committed a crime involving the infliction or threatened infliction of *serious* physical harm." (*Tennessee v. Garner, 471 U.S. 1 (1985)*)

Here, Plaintiff was unarmed as there was zero evidence that he had committed a crime of inflicting serious physical harm, he was not fleeing, nor violently resisting, leaving little justification for the use of deadly or lethal force, but a jury must still weigh the level of force employed, for the exigent circumstances with an understanding of lethal or deadly force to analyze it's reasonableness.

### **EVIDENTIARY PROBLEMS**

Motion in Limine to exclude Defendants Psychologic Expert's testimony and Independent Medical Evaluation.

Motion in Limine to exclude portions of Plaintiff's medical record.

Motion in Limine To Exclude confidential voicemails from Plaintiff to the City Attorney of San Diego.

Motion in Limine to Exclude Plaintiff's educational record at San Diego City College.



Motion In Limine to exclude Defendants Domestic Violence and Relationship conflict expert.

Motion in Limine to exclude Defendants Cardiologist Medical Expert.

Motion in Limine to exclude Defendants Financial Expert.

Motion in Limine to exclude portions of the courts record provided to the defendant from Plaintiff's criminal trial.

Motion in Limine to exclude Defendants use of force expert.

Motion in Mine to exclude any evidence or testimony pertaining to Plaintiff's appeal of his conviction of PC 148(a)1 against wit Officer Jordan.

Motion in Limine to exclude any Domestic Violence related testimony or evidence.

Motion in Limine to exclude any records, video recordings, audio recordings, evidence or reports generated by SDPD and its employees and/or agents as a result of Defendants attempt to support erroneous claims that Plaintiff is dangerous or threatening.

Motion in Limine to exclude testimony regarding Plaintiff's May 3rd, 2011 encounter with Officer Jordan.

Motion in Limine to exclude defendant from presenting evidence of false claims by his previous council, Brian Cline.



Jason A. Redon
Pro Se Litigant

1  Motion in Limine to exclude irrelevant testimony and evidence presented by
2  Defendants.
3
4  Motion in Limine to exclude any evidence presented by the Defendant that only seek to
5  confuse the triable issues of fact or allow Defendant to wage an ad hominem attack
6  against the Plainitff..
7
8  Motion in Limine to exclude any evidence presented by the Defendant of any Facebook
9  posts marked "private" obtained by the City Attorney of San Diego, potentially through
10 social engineering or hacking.
11
12 I certify under penalty of perjury that the aforementioned is true under penalty of
13 perjury.
14
15
16
17
18 Respectfully submitted,
19
20
21
22 Jason A. Redon
23 Pro Per Litigant
24 Friday, August 11, 2017
25
26
27
28

**Jason A. Redon**
**Pro Se Litigant**



MEMORANDUM OF LAW AND CONTENTIONS OF FACT
**12 of 12**

13cv1765